January 10, 2020

**VIA ECF and First Class Mail**
The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re: *Castillo v. Dollar Food Dynasty Corp., et. al.*
        Civil Action No.:1:1*9-CV-06292 (BMC)*

Dear Judge Cogan:

    Plaintiff and Defendants together present this letter, as per your Individual Rules of Practice, in preparation for our Initial Conference on January 15, 2020.

    In the above entitled matter, Plaintiff Castillo was employed by the Defendants as a non-exempt employee from September 28, 2016 to September 9, 2019. From the commencement of her employment until December 2016, Plaintiff would work six (6) days per week from 12:00 p.m. to 8:30 p.m. (8.5 hours per day), and was paid $382.00 per week ($7.00 per hour) solely in cash. From January 2017 until July 31, 2018, Plaintiff worked six (6) days per week from 9:30 a.m. to 8:30 p.m. (11 hours per day), and was paid $540.00 per week ($8.00 per hour) solely in cash. From November 18, 2018 until September 9, 2019, Plaintiff worked six days per week from 10:00 a.m. to 8:00 p.m. (10 hours per day) and was paid $500 per week ($10.00 per hour) solely in cash.

    Where "an employer's records are inaccurate or inadequate, an employee needs only present 'sufficient evidence to show the amount and extent of [the uncompensated work] as a matter of just and reasonable inference.' <u>Alladin v. Paramount Management, LLC</u>, 1:12-cv-04309, No. 23 (S.D.N.Y. Aug. 27, 2013) (quoting <u>Anderson v. Mt. Clemens Pottery Co.</u>, 328 U.S. 680, 687 (1946)). An employee may "meet this burden through estimates based on his [or her] own recollection." <u>Id</u>.

    Defendants maintained a pattern and practice of failing to pay Plaintiff, the proper and promised minimum wage rate for all hours worked, the overtime rate of one-and-one half (1 ½) times the regular hourly rate/applicable minimum wage rate for all hours worked in excess of forty per week, and spread-of-hours pay for each workday their shift or shifts exceeded 10 hours per day.

Spread-of-hours is defined as the number of hours from the time an employee starts his/her workday until the time the employee finishes his/her workday, including both working time and non-working time; 12 N.Y.C.R.R. §§137-1.7, 146-1.6. Courts have routinely concluded that, under New York law, plaintiffs can recover spread-of-hours wages in addition to their federal or state minimum wage and overtime claims. See, e.g., Cao v. Wu Liang Ye Lexington Restaurant, Inc., No. 08 Civ. 3725 (DC), 2010 WL 4159391, at *3 (S.D.N.Y. Sept. 30, 2010).

Plaintiff Castillo worked for approximately 11 hours each day for the period of January 1, 2017 until July 31, 2018. Since her shifts exceeded 10 hours each day, Plaintiff is entitled to receiving additional wages under spread-of-hours regulations.

Defendants regularly paid Plaintiff a flat weekly salary, in cash, for all hours worked, including hours over forty. This payroll scheme is an obvious and willful avoidance of Defendants' obligation to pay minimum wage and overtime, as required under state and federal law.

Additionally, by paying Plaintiff solely in cash for her wages earned, Defendants failed to provide her with accurate IRS Forms W-2 for all of the tax years during which she was employed by Defendants. Defendants also failed to properly record, account for, and report to the IRS all monies paid to Plaintiff as compensation for all the work performed during her course of employment, while failing to withhold amounts listed on W-2 forms as monies withheld. These actions are in clear violation of 26 U.S.C. §7434(a), resulting in civil penalties of $5,000.00.

Defendants also failed to furnish annual wage notices and wage statements and failed to maintain an accurate record keeping of hours worked and wages paid to Plaintiff and similarly situated employees.

Defendants violated NYLL § 195(1) by failing to furnish Plaintiff at the time of hiring and on or before February 1st of each subsequent year of employment (when applicable), with a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designed by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office of principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

Due to Defendants' violations of NYLL§ 195(1), Plaintiff is entitled to statutory penalties of $50.00 for each workday that Defendants failed to provide wage notices, up to a maximum of $5,000, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided by NYLL§ 198(1-b).

Defendants violated NYLL § 195(3) by failing to furnish Plaintiff with each payment of wages and accurate statement listing the dates of work covered by that payment or wages; name of employee; name of employer; address and phone number of employer; rate of rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages, deductions, allowances, if any, claimed as part of the minimum wage; and net wages.

Through their failure to provide Plaintiff with wage statements as required by the NYLL, Defendants have violated NYLL § 190,*et seq.* and the supporting New York State Department of Labor Regulations.

Due to Defendants' violation of NYLL§195(3), Plaintiff is entitled to statutory penalties of $250.00 for each workweek that Defendants failed to provide them with accurate wage statements, or a total of $5,000, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL § 198(1-d).

Defendants have systematically and repeatedly ignored the requirements of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New York Labor Law § 190, *et seq.* ("NYLL").  Plaintiff seeks relief for Defendants' unlawful actions, including compensation for unpaid minimum wages, overtime wages, spread-of-hours pay, liquidated damages, pre- and post-judgment interest, compensatory damages, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

Plaintiff also seeks to recover damages to redress the injuries she suffered as the result of being retaliated against by Defendants for complaining about improper pay practices and her misclassification as an independent contractor in violation of NYLL § 215, which may result in civil penalties of up to $20,000.00.

This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 as Plaintiff resides in this district and because Defendants' businesses are located in this district.

Defendants are a small business and its owner, Dollar Food Dynasty, Inc. and Ahmad Rageh. They mainly sell items that are 99 cents and some frozen food items. Defendants deny Plaintiff's allegations and are at the moment still conducting their investigations. Plaintiff appears to have been an independent contractor mainly to clean and maintain the store. Defendants asserts all its affirmative defenses and maintain they have always acted in good faith and in reliance on expert advice and that the Plaintiff has failed to mitigate her damages.

Pending confirmations and the conclusion of the investigations being conducted by Defendants, it is our belief that the Defendant is not covered by the FLSA because it does not have annual gross receipts of $500,000.00. Enterprise Coverage under the FLSA requires that an enterprise engage in business greater than $500,000.00. Further, Plaintiff individually is not covered by the FLSA because she has not "engaged in interstate commerce within the meaning of the statute; see <u>Xelo v. Mavros</u>No 03-CV-2665 (NG) 2005 WL 2385724. Once confirmed, Defendants will move the Court to dismiss this action.

Respectfully,

*/s/ Leopold Raic*
Leopold Raic, Esq.
Akin Law Group
Attorney for the Plaintiff

*/s/ Faris S. Hamtini*
Faris S. Hamtini, Esq.
The Law Offices of Faris S. Hamtini, P.C.
Attorneys for the Defendants